Gregory Belsley and Jeffrey Mando in the conference. Thank you Todd. Case number 16-5295 David Jones v. Clark County Kentucky. Frank Doyle individually at all. Argument not to exceed 15 minutes per side. Mr. Belsley you may proceed for the appellant but Judge Rogers would like to speak for a moment first. Thank you. This is Judge Rogers. I'm presiding. How are you today? Just fine your honor. Just want to make sure that you both can hear. Mr. Belsley you can hear fine? Yes sir loud and clear. And Mr. Mando you can hear fine? Yes sir. Okay and we have Judge Merritt and Judge Kethledge who are also on the call and Mr. Belsley you can proceed. Thank you your honor. May it please the court. Jeff and Jeff and I have had this isn't our first rodeo so we we know one another fairly well. Your honors I'm appearing this morning on behalf of the plaintiff appellant David Jones. The plaintiff believes that this case presents a fairly simple question and that is whether the state can require you to reimburse the costs of your incarceration even after you've proven you were innocent of the crime for which you were imprisoned. Below the defendants did not challenge Mr. Jones innocence nor did they offer to return the money that has already been paid or seized from his account nor did they promise to forego collection of the balance of the $4,000 that they claim he owes for his Kentucky revised statute 441 265 permits them to charge a citizen the cost of his incarceration even if he has proven his innocence. In the case below the district court. Back when I interrupted this is Judge Rogers. Yes sir. What's the federal issue? Your honor the federal issue is that the Kentucky courts have interpreted 441 265 as authorizing county governments to automatically confiscate money in the We've upheld that though as a procedural due process matter. So you've upheld it your honor in so far as no pre-deprivation hearing is required and you did that in Sickles that was the that was the issue in Sickles. However the defendants are essentially arguing the statute and we disagree with them as to their interpretation of the statute. That's a state issue isn't it. That's what I'm trying to get. Well your honor I can't speak for my colleagues but the difficulty I have with this case is exactly what you're arguing. Figuring out exactly what you're arguing. So that's why I'm asking these questions. What exactly is the federal argument? It doesn't make too much sense to come in and say the state courts are What is happening your honor is particularly now as the defendants have most recently brought to the court's attention. The Supreme Court has denied motion for discretionary review in the Cole Patterson case and they have allowed to stand an interpretation of the statute that permits generally at this point the withholding of monies from pre-trial detainees which the court has said they can do without the necessity of a pre-deprivation hearing. In this case they are effectively arguing and have argued below that they're entitled to do so even without a post-deprivation hearing and even in the case of an individual who has demonstrated his innocence. We believe that's a terrifying question and this is Judge Rogers again. So your argument is then a procedural due process claim. Yes sir. Is there any claim other than a procedural due process claim? Uh, no sir. Okay. Well, if there's no claim other than a procedural due process claim I'm having trouble seeing what the relevance is of the question whether you're required to imburse even after the crime has been found to be not committed or even after acquittal. That's an interesting question. It's a very interesting question. One I wonder about that doesn't seem to be raised in your procedural due process case. Well, Judge Rogers, first, I may have misspoken about this case. Yeah, I may have misspoken. I think we've also alleged a Fourth Amendment wrongful seizure claim as well. Where is that briefed in your opinion? That is not directly addressed in our brief, Your Honor. So you're not raising that on appeal? No sir. Well, then we're back to what's the relevance of whether Kentucky can do this or not as a legal matter. That's not the issue. The question is assuming, as I understand your case, it's assuming that this is legal or not legal, they just haven't gone through the right procedures because you're making a procedural due process argument. You could make some sort of other argument. I don't know what it would be that this state statute which allows this compensation and I concede sounds a little unfair, sounds a little raw, but you're not really challenging it. You're just challenging the procedures that are used to collect this money. Your Honor, where am I missing? Your Honor, I think my argument is not so much a challenge to procedure, it is a challenge that there is no procedure. It's a challenge to an absence of procedure. It's not a challenge to the substance of whether they owe the money. Right? But then when you immediately get back to whether they owe the money or not, I have to concede that's my confusion. I can't speak for my colleagues. Well, Your Honor, in the federal cases that we cited in our brief, specifically Mickelson v. County of Ramsey, which since the filing of our brief has been affirmed by the 8th Circuit, they talk in terms of a coordinated refund process. Here we've got the state simply saying we're entitled to keep what we've taken from you regardless of your innocence and the burden is on you to either wait for us to sue you for the balance or to sue us to get it back. And we believe that that is constitutionally deficient because there's no process. Although there is a process if you sue or if you get sued, then there's a process. Right? There is, Your Honor, but we don't believe, and it's our contention, that that's not the type of coordinated refund process that should be required. Do you have any cases which suggest that just sending a bill is a violation of procedural due process when the bill can be litigated? Well, Your Honor, no, I do not. But I have to tell you that the cases on these particular issues are fairly few and far between. I don't believe that, and I do not have such a case, but sending such a bill and a lawsuit filing contesting such a bill without the defendant saying they're not going to collect on the bill seems to me to be just a violation of fundamental due process presumption of innocence because all of the burden is being placed upon a person who is not just a pretrial detainee and entitled to a presumption of innocence, but a person who has demonstrated their innocence. And essentially where this case stands is that Mr. Jones must either await a lawsuit or must file a lawsuit to get the money back or, as the defendants have said, he can negotiate with the defendants. For example, if this is illegal to keep this money after he's been acquitted or found innocent, what would be the federal substantive basis for saying that's not legal? Not the procedural basis. I assume there's plenty of procedure to resolve this issue. What would be the basis for saying that this is not legal? Sounds fishy, I agree, but what's the federal basis for saying it's illegal? Our argument in that regard would be that requiring an individual like Mr. Jones to sue to get his money back or to defend a lawsuit for the balance of what he owes is not a constitutionally adequate post-deprivation hearing. But that's not really answering my question. I'm asking, once you get whatever process you need, the adjudicator is going to have to decide whether this thing is constitutional or not, isn't he or she? And what will your argument be then? I'm not even sure it's relevant here, but I'm just curious. Do you have some sort of substantive argument or do you only have procedural arguments? Because the procedural argument is not going to do you much good if you get some sort of hearing and you lose at the hearing because you owe it anyway. And you've just proved to us that under the state law you still owe it. So I'm looking for a federal basis for saying substantively you don't have to pay this. Seems like there ought to be something, but you're not really willing to articulate any argument for why this would be unconstitutional. This is Judge Merrick. Are you waiving any substantive due process argument? There's a distinction in due process between procedural due process and substantive due process. It sounds like to me the argument you're trying to make is that the state may not confiscate a citizen's assets unless the citizen has done something wrong and that has not been found. That sounds like more of a substantive due process argument. Are you waiving that? No, Your Honor. And I may have mischaracterized that as procedural. Well, where do you make it? You've admitted that you don't... This is Judge Rogers again. I mean, that's what I thought you would answer. Judge Merritt has provided the answer for you, or an answer, but where is the argument made? I'm wondering whether despite what you say now you have waived it. No, Judge. I mean, I believe that I have argued throughout in the record below and in our brief. Well, where in your brief do we find anything like that? It's all about procedures and the absence of procedures. Your Honor, I believe I have argued in the brief and I don't want to... Maybe on rebuttal you could show us the strongest part of your brief that raises the argument that Judge Merritt is suggesting. Okay. I will look for that and we'll do that. I want to give my fellow colleagues a chance to ask questions. I've been asking most of the questions. Judge Merritt, Judge Ketledge, do you have any further questions? My understanding... No. This is Gilbert Merritt. Is it okay if I ask a question? Please go ahead, Judge Merritt. You cite Louis B. U.S., which is a recent Supreme Court opinion that Judge Breyer wrote, Justice Breyer wrote. And it certainly can be read as a substantive argument, a substantive claim that the Supreme Court has upheld. It's a plurality opinion. Now, what's your understanding of how that case relates to your case? I believe you've cited it, have you not? Yes, sir, I did. That was on pages... Well, that was at the end of my brief and I can give the court... That begins on page 27 of my brief. I think the Louis decision is relevant and important because the Supreme Court has, number one, indicated a constitutional discomfiture with seizing the assets of pretrial detainees insofar as that might interfere with the detainee's ability to retain counsel. But overriding that, I believe, is the statement in the opinion that there is no decision of the Supreme Court that has ever authorized an unfettered pretrial forfeiture of the defendant's own innocent property, property with no connection to the charge of crime. Now, that doesn't directly match what we're dealing with here. But what we're dealing with here is something I would contend is even more indefensible, which is after an individual has demonstrated their innocence, nonetheless the state asserting a right to effectively financially penalize them for the mere fact that they were arrested for a crime they did not commit. Judge Merritt doesn't have any further questions, so your time is up. Judge Merritt? I was just going to say, so what you're saying is that although Louis is not directly in point, by analogy we should find that its reasoning is controlling. That's correct, Your Honor. Okay. Thank you. Mr. Mando? Thank you, Your Honor. May it please the Court, Jeff Mando for the Appellees, Frank Doyle in Clark County. A couple of fundamental things that I want to point out to the Court before I get into the substance of the argument. Mr. Belsley characterizes the facts of this particular case as a seizure of $20. That's not what happened here according to the way the complaint was pled. Instead, Mr. Jones alleged that he was arrested, that he was incarcerated, that he was released. Upon his release, he was given a bill for $4,000, and after his release he paid $20. So what we don't have here is a seizure of the $20. As the Court is aware in Sickles, they upheld the constitutionality of the Kenton County and Campbell County Detention Centers practice of deducting the booking and per diem fees from an inmate's canteen account regardless of whether they were a pretrial detainee or a convicted prisoner. In this particular case, I think it's important the way the complaint was pled because to establish a procedural due process claim, there's got to be a deprivation of Mr. Jones' property. This is Judge Merrick. Can I ask you this? Does Clark County intend to try to collect the remainder of the bill? I understand the bill was $4,000 and you've collected $20. And so this lawsuit as of today is a $20 lawsuit. What about the $4,000? My understanding is the county has no desire and has not taken any steps to collect that remaining money, Your Honor. Instead, it sent a bill, it received $20, that's it. There's been no further collection efforts, no further efforts to go after Mr. Jones. You're representing them, are you not? I am representing the detention center, the county, and Frank Doyle, the jailer. Correct. You're saying that they're not going to try to collect the other $3,980 and this is a $20 problem? Correct. And it's a $20 problem that doesn't raise a constitutional question for the court because we didn't deprive Mr. Jones of any money arguably like was done in Sickles where there was an automatic deduction from the canteen account of the inmate where funds may have been placed there by the inmate or may have been given to the inmate's canteen account by friends or family members. Sickles and a long line of other cases that we've cited upheld the constitutionality of that practice from a procedural due process standpoint. So here we're in a situation where Mr. Jones, according to the complaint, proved his innocence, but he paid the $20 after he was released and I would submit that that's not a deprivation of his property interest sufficient to trigger procedural due process protections. Mr. Mando, Judge Kethledge has a question. Yes, sir. Thank you. Mr. Mando, this is Judge Kethledge. Just on that point, you argue, as you just did now, you argue in your brief that part of the reason the Matthews v. Eldridge procedural due process test is met here is that the private interests alleged by the appellant are minimal. That's from your brief. Would this case come out differently if the county had, in fact, collected $4,000 here instead of $20? I think if procedural due process in the context of each case being somewhat flexible, I think that's something that would factor into the equation, Your Honor. We have to look at all of the individual factors and the fact if it was $4,000, that's certainly different than $20, but we also have to look at it, I would submit, in the context of was there a risk of an erroneous deprivation in addition to the size of the interest at stake? What were the governmental interests? Were there adequate post-deprivation remedies? So I think it all has to be looked at in context of all of those Matthews v. Eldridge factors, and I would submit in this case, even if it were $4,000 that Mr. Jones had paid, that all of those factors would have still weighed heavily in favor of finding that his procedural due process rights were not violated because the risk of erroneous deprivation was minor. It's a simple accounting-type procedure, and you've got post-deprivation remedies that are available to people like Mr. Jones. And what are those? Is that just bringing a lawsuit here? I believe it is Section 7 of the statute, 441.265. It talks about the jailer providing a copy of the bill to the inmate and the inmate being able to negotiate, and I would submit at that point, there's a specific reference to negotiation in the language of the statute, and I would submit that that means that an inmate at that point could say, hey, I don't know this, I was innocent, and at that point the jailer could take that into consideration. Yeah, it sounds like, I mean, there's no standard that would confine the jailer's discretion in any manner, so that doesn't seem to add up to much. But there's also the post-deprivation remedy where he could assert a defense under Section 3 of the statute. Jailers are authorized to file suit. Certainly, as an affirmative defense, the inmate could raise that, and he would certainly have a forum to do that before a court, and that would also support and protect the inmate's rights and give him procedural due process protections. Okay, thank you. There is a court. Go ahead. Judge Merritt has a question. Yes, sir. If we assume for the moment here that this is a substantive due process case, in addition to this $20 problem on procedural due process, we assume that the argument is also substantive due process, what is your answer to that? Do you want my answer? Can the state or the local government confiscate the money, up to a lot of money, on the basis of substantive due process? Or somehow we just should assume that this is a $20 case and has no basic presidential value? Your Honor, I believe that, first of all, this has not been argued on appeal as a procedural due process case. It's not been briefed as such. It's been argued primarily as a procedural due process case. But assuming that it is a substantive due process question, I think that, number one, by virtue of Sickles and the cases that have also been decided on that issue and cases from other circuits, that it would pass muster under substantive due process because it would not be conducted shocks to conscience, which I understand would be the test for a substantive due process situation. I know, Your Honor, that you previously asked Mr. Belsley about the applicability of the Luis case, and I would submit that that is not governing or even persuasive authority for a substantive due process argument because Luis had to do with a Sixth Amendment question. The due process clause was not analyzed, argued, or addressed by the Supreme Court in Luis. It was a simple question of whether or not the government's seizure of untainted assets deprived the defendant of her rights to secure counsel, and that's not a substantive due process question. Counsel, let me ask you, over on page 1094 of that Luis case, the Supreme Court quotes Justice Story in its holding or in its reasoning, and the reasoning they quote is, it says, It is well known that in common law, in the case of felonies, the party profited his goods and chattels to the crown. The formature was a part or at least a consequence of the judgment of conviction. It is a plain statement. The sole right to the goods and chattels of the felon could be acquired by the crown by the mere commission of the offense, but the right attached only by the conviction of the offender. It goes on a little further, but that's the basic argument on which the Supreme Court is relying from Justice Story, that the state can't simply come along and confiscate someone's property if the person is completely innocent, and what would be the theory? What's the theory that you can just, if the state can just arrest me and put me in jail for a year, and I finally get out of jail and I'm completely innocent, what's the theory that they can confiscate my property? Well, I think the theory would be, Your Honor, first of all, that I wouldn't characterize it as confiscation. What we have here is a jail imposing booking fees and per diem fees to offset the cost of incarceration for people who are brought to their jail, presumably arrested upon probable cause, presumably are being held because there's been a court appearance and an arraignment and a finding that the person needs to be detained by a court. So in that context, I don't see it as a confiscation. I think that the court in Sickles and I think the courts from the 3rd Circuit, 4th Circuit, and 8th Circuit who have looked at this issue certainly have not held that this type of practice violates substantive due process under the 14th Amendment. And again, it goes back to this case. Mr. Jones was sent a bill and he paid $20. There's no allegation in this case that Clark County Jail confiscated anything of Mr. Jones. So you're saying he made a gift? I'm saying he got a bill. He may not have known whether he owed it or not. He paid $20. I don't think in and of itself that raises a constitutional question under the Procedural Due Process Clause or the Substantive Due Process Clause of the 14th Amendment. Because he voluntarily paid it. I can't speak to whether he felt compelled to pay it. All I can go by is what he's alleged in his pleading, which was that he paid $20. Counsel, Judge Merritt, do you have further questions? No. Counsel, I have a couple questions. This is Judge Rogers. I want to clarify your statement about whether the county is going to go after the remainder of the money. At one point you said there's no evidence that they will, but at another point you seem to undertake on behalf of the county that they would not. Which is it? They're not going to go after the money, and I apologize if that was... So you're undertaking that on behalf of your client that they're not going to go after that money. Is that correct? I am representing that and telling that to the court, even though we're here on a motion to dismiss. You know, that never happens. You can make undertakings in oral argument, and we appreciate that. And I have another question. If we view this case as a procedural due process case, where some of the arguments that Judge Merritt and you have fleshed out might be beyond the scope of what was argued in this case, assume for the moment that we were to affirm, and I don't mean to say that we will, but assume for the moment that we would affirm, you would agree, would you not, that... And we were to affirm on procedural due process grounds, you concede that I'm asking if, for instance, Mr. Jones sued to get the $20 back, or you happened, despite your undertaking, to go for some more of the money, and in which case you would have a lawsuit, and in that lawsuit the same lawyer could go in and then make substantive due process arguments, which would not be precluded by what we would be holding if we were to make a procedural due process holding. That's a long question, but I hope you got it. I did, and I agree, Your Honor, that if my client, contrary to what I represented to court, took some action to go after Mr. Jones, or if Mr. Jones did something else, or if there's some other case that comes down the pike, you know, that involves those types of facts, then we would have to look at that point in time whether or not it's a substantive due process case or not. Okay, that's my question, thank you. Are we out of... Proceed, yeah, I think you have a little bit more time. Yeah, Your Honor, unless there are further questions, I believe that the arguments we've advanced for the procedural due process issue before the court have been fully set out in the briefs. The other thing that I would point out, one last thing, because it came up in one of the questions, Your Honor, was whether or not this was a Fourth Amendment case. Mr. Belsley conceded before the district court that this was not a Fourth Amendment violation. Any further questions from my colleagues? Not from me, John. Thank you. Judge Merritt, I didn't hear that. Is that all right, Judge Merritt, for us to see? No, no further questions. All right, thank you very much. Mr. Belsley, you have four minutes for rebuttal. Yes, Your Honor, just very briefly. You had asked about areas where I thought I had raised the substantive due process argument in my brief. I believe that was raised in my citations not only to the other authorities that have upheld ordinances where money was refunded if an individual was acquitted or charges were dismissed or so on, or provided, as in the Mickelson case, a very simple process by which the person fills out a form and says, I was acquitted, gives it to the jail. But also, I think it was raised in this court's opinion. Now let me, pardon me, are you referring to page 23 of your brief? Because that appears to be directly under whether there's a pre- or post-deprivation remedy. Yes, sir, that's the section I'm talking about. Yeah, but that's pretty clearly by its terms a procedural due process argument. I understand, and Your Honor's correct. Okay, proceed. Thank you, I appreciate that. Thank you. Any further? The only other point, Your Honor, was the Sixth Circuit's opinion in Sickles specifically indicated in that case that it was not addressing and that an entirely different question would be raised if Mr. Hensley was not returned his money after his acquittal. I think in this case, Mr. Jones sat in jail for 14 months. The question of whether his money was withheld during that period of time, even if it was, is not a focus of the dispute we have with what was done. It is that the money was not returned, the fact that he was billed, and as Mr. Mando, I think, appears to indicate, his only remedy at this point is either to, or at least before Mr. Mando conceded that his client for the first time was not going to pursue the monies, was to either await a lawsuit for the balance or file a suit to get the money back. And if Your Honors have no further questions, that concludes my rebuttal. Thank you, Mr. Belkley, and thank both of you for participating in this telephone argument, and the case will be submitted. Thank you, Your Honors. Counsel, you may hang up at this time.